IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DELBERT McELWEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. L – 03 – CV – 172 |
| | § | |
| TDCJ, UTMB, ROBERT WALLANTAS, | § | |
| and DR. JAMES FITTS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Motion to Dismiss [Doc. No. 76]; and, Plaintiff's Request for Copies [Doc. No. 78], Petition for Enforcement [Doc. No. 79] – to which Defendants filed a Response [Doc. No. 83], Request [Doc. No. 80], "Objections to Denial Motion [sic] for Injunctive Relief Compelling Defendant TDCJ to Provide Access to Photocopy Documents," [Doc. No. 81], "Objection to Denial Plaintiff's [sic] Motion for Additional Discovery," [Doc. No. 82], "Brief to this Court in Regard to Sanctions, Transcript, and the Interrogatories Submitted," [Doc. No. 86], and "Petition for Writ of Mandamus." [Doc. No. 89].

**Background**

Plaintiff, a prisoner in the Texas Department of Criminal Justice prison system, filed suit pursuant to 42 U.S.C. § 1983 on November 3, 2003. [Doc. No. 1]. On August 4, 2005, the Court granted Plaintiff leave to file an amended complaint, which thereby became the live pleading. [*See* Doc. No. 40].[1] Plaintiff alleged that the Defendants demonstrated "deliberate indifference" to Plaintiff's serious medical needs, resulting in "injury . . . wanton and needless

---

[1] Since the time of the filing of the amended complaint, the Plaintiff has reduced the defendants to include only Mr. Wallantas, Dr. Fitts, TDCJ, and UTMB.

pain, and . . . clinically diagnosed mental stress." [Doc. No. 40, p. 1]. Plaintiff seeks damages in the amount of $1,500,000 from Mr. Wallantas, Dr. Fitts, and UTMB, and $1,000,000 from TDCJ. [Doc. No. 40, p. 23]. Plaintiff does not seek any additional relief.

**<u>Sovereign Immunity</u>**

The Eleventh Amendment to the United States Constitution reads as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Courts have consistently interpreted the Eleventh Amendment to proscribe suits in federal courts against state governments by citizens of another state, or by citizens of that state, or by citizens of foreign countries. *Hans v. Louisiana*, 134 U.S. 1, 18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004).

The Plaintiff has filed suit pursuant to 42 U.S.C. § 1983; however, § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *see also Alabama v. Pugh*, 438 U.S. 781 (1978)(holding that if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting relief on that claim); *cf. Quern v. Jordan*, 440 U.S. 332, 342 (1979)(holding that § 1983 does not override States' Eleventh Amendment immunity).

Though § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties," it did not necessarily foreclose all actions against state officials. *Will*, 491 U.S. at 66. It is clear that "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State*

2

*Sch. & Hosp. v. Halderman*, 465 U.S. at 100 (quoting *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945)). Additionally, a suit against a State itself is barred "regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 102 (citing *Cory v. White*, 457 U.S. 85, 91 (1982)). However, the Court has recognized an important exception to this general rule: "a suit challenging the constitutionality of a state official's action is not one against the State." *Pennhurst*, 465 U.S. at 102 (citing *Ex parte Young*, 209 U.S. 123 (1908)); *See also Meyers ex rel. Benzing v. Texas*, 410 F.3d 236 (5th Cir. 2005)("The purpose of the doctrine of *Ex parte Young* is to allow plaintiffs asserting federal law claims to circumvent the state's sovereign immunity from suit by suing state officers instead.").

However, the doctrine from *Ex parte Young* has not enjoyed an expansive interpretation. Indeed, the ability of the federal court to award relief was subsequently limited to injunctions that "govern[] the [state] official's future conduct, [rather than] one[s] that award[] retroactive monetary relief." *Pennhurst*, 465 U.S. at 103 (citing *Edelman v. Jordan*, 415 U.S. 651 (1974)). Thus, a federal court may issue an injunction which enjoins the implementation of an official state policy.[2] *Young,* 209 U.S. at 123 (1908). In addition, "monetary relief that is 'ancillary' to injunctive relief is also not barred by the Eleventh Amendment." *Graham,* 473 U.S. at 169, n. 18 (citing *Edelman*, 415 U.S. at 667-68). Monetary relief is also available when suit is filed against a state officer for money damages to be paid out of the officer's personal funds, even if those damages are retrospective compensation for past harms. *Graham*, 473 U.S. at 159.[3]

---

[2] Thus, "[i]n an injunctive or declaratory action grounded on federal law, the State's immunity can be overcome by naming state officials as defendants." *Kentucky v. Graham* , 473 U.S. 159, 169, n. 18 (1985)(citing *Pennhurst*, 465 U.S. at 104); *See also Ex Parte Young* 209 U.S. 123 (1908).

[3] The Supreme Court has differentiated between official capacity suits and personal (also known as "individual") capacity suits: an official capacity suit attempts to sue the government entity by naming the officer as defendant, whereas personal capacity suits "seek to impose individual liability upon a government officer for actions taken under color of law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *See also Will*, 491 U.S. at 67 ("A suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office.").

According to his revised complaint [Doc. No. 40, unnumbered p. 23], the Plaintiff's only claims for relief are monetary damages; nowhere does he suggest – either explicitly or implicitly – that he is pursuing injunctive relief. Therefore, Plaintiff's causes of action against the University of Texas Medical Branch and the Texas Department of Criminal Justice are barred by the Eleventh Amendment.[4]

The Plaintiff has also filed suit against Robert Wallantas and Dr. James Fitts, both of whom are employees of the University of Texas Medical Branch. The Plaintiff does not specify whether these two defendants are being sued in their official or personal capacities. In cases where the complaint does not specify in what capacity officials are being sued, the "course of proceedings" will typically indicate the nature of the liability sought to be imposed. *Brandon v. Holt*, 469 U.S. 464, 469 (1985). The Plaintiff has nowhere specified that he expects any potential award for claims against the two individually-named defendants to be paid out of the funds of the State of Texas. Nor, however, does he specify that the damages ought to be paid out of the individual defendants' personal funds. However, the Plaintiff's claims against the two individually-named defendants find their genesis not in official policies promulgated by the State of Texas and implemented by the defendants, but in actions taken outside of any official imprimatur. Therefore, especially given the lenient pleading standard afforded *pro se* plaintiffs[5], it is reasonable to conclude, as the Court here does, that the Plaintiff intended to file suit against the individually-named defendants in their individual, rather than official, capacities.

---

[4] A suit is considered against a state when "'the judgment sought would expend itself on the public treasury or domain." *Dugan v. Rank*, 372 U.S. 609, 620 (1963)(citations omitted). Therefore, given the status of TDCJ and UTMB as state-funded entities, actions directed against them for money damages are properly considered actions against the State.
[5] *See Hulsey v. State of Tex.,* 929 F.2d 168 (5th Cir. 1991); *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 750 (5th Cir. 1987); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

4

**Plaintiff's Motions**

Plaintiff's first pending motion is entitled "Request for Copies." [Doc. No. 78]. Plaintiff's request that the Clerk of the Court provide him copies of certain documents is improper. The Clerk of the Court does not exist to provide copies of documentation to litigants, even *pro se* ones, especially when the documents requested were initially filed by the party making the request. Additionally, Plaintiff fails to show good cause why copies of documentation should be provided. The motion is hereby DENIED.

The Plaintiff's next pending motion is labelled a "Petition for Enforcement." [Doc. No. 79]. The Plaintiff alleges that the Defendants have failed to provide complete documentation regarding the Plaintiff's medical examinations. As the Court informed the Plaintiff in open court on July 28, 2005, the Court cannot order the Defendants to produce documentation that does not exist. Therefore, unless the Plaintiff can provide proof that the documents exist, rather than mere speculation, the Court will not entertain motions to compel the Defendants to produce documentation whose existence is nothing more than theoretical. The motion is hereby DENIED.

The Plaintiff's next motion takes the form of a letter. [Doc. No. 80]. The Plaintiff requests that the Defendants be compelled to complete and return interrogatories of Dr. Nelson. According to an advisory to the Court filed on August 11, 2005, the Defendants report that they have sent to the Plaintiff Dr. Nelson's completed interrogatories. [Doc. No. 77]. To the extent that Plaintiff requests any further action on the part of the Court, the motion is hereby DENIED.

The Plaintiff's next motion – labelled "Objections..." [Doc. No. 81] asks the Court to reconsider a previous order. The Plaintiff fails to provide any new information to the Court.

Therefore, the Court's original order, which was issued after due consideration, remains in force. The motion is hereby DENIED.

The Plaintiff's next motion, again labelled "Objection..." [Doc. No. 82] also asks the Court to reconsider a prior order. Again, the Plaintiff fails to provide any new information to the Court. Therefore, the motion is hereby DENIED.

The Plaintiff's next motion is labelled "Brief to the Court." [Doc. No. 86]. Again Plaintiff requests a transcript of the hearing held May 6, 2004. The Plaintiff also makes additional allegations of discovery abuses by the Defendants. The Plaintiff has not shown good cause why a transcript of the hearing should be provided, nor does he provide any new information to the Court regarding alleged discovery offenses by the Defendants. Therefore, the motion is hereby DENIED.

The Plaintiff's final motion pending before the Court is a "Petition for Writ of Mandamus." First, Plaintiff seeks sanctions against the Defendants for "shoddy preperation [sic] and responsiveness," and their "refusals to abide by the time limits set forth in the Federal Rules of Civil Procedure." [Doc. No. 89, p. 1-2]. Plaintiff asks that the Defendants be assessed a $1000 fine, which, conveniently, should be "deposited DIRECTLY to Plaintiff's Trust Fund Account." [Doc. No. 89, p. 3](emphasis in original). Plaintiff then reiterates his argument from an earlier motion requesting that he be accorded "SEALED/LEGAL STATUS in corresponding with his Inmate Witnesses." [Doc. No. 89, p. 3](emphasis in original). In concluding, Plaintiff mysteriously refers to "ALL three of these Motions, currently before this Court," [Doc. No. 89, p. 4](emphasis in original) though it is unclear exactly which three motions he is re-urging.

The Plaintiff has failed to prove any discovery abuses on the part of the Defendants; therefore, sanctions are not warranted. Additionally, Plaintiff has failed to demonstrate that his file should be sealed. Therefore, the Petition for Writ of Mandamus is hereby DENIED.

**CONCLUSION**

Defendants TDCJ and UTMB enjoy Eleventh Amendment immunity from suit; therefore, the motion to dismiss [Doc. No. 76] is hereby GRANTED as to TDCJ and UTMB; and, the motion to dismiss is GRANTED as to Robert Wallantas and Dr. James Fritts in their official capacities only. The motion is DENIED as to Defendants Robert Wallantas and Dr. James Fritts in their individual (personal) capacities.

The Plaintiff's numerous motions – Doc. Nos. 78, 79, 80, 81, 82, 86 and 89 are hereby DENIED; however, the remaining defendants are ordered to comply with any proper discovery requests propounded by Plaintiff until the close of discovery on October 21, 2005. [*See* Doc. No. 64].

IT IS SO ORDERED.

DONE this 26th day of September, 2005, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**